FILED

MAR 14 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID E. COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-293-FHS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff David E. Cole (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 27, 1976 and was 33 years old at the time of the ALJ's decision. Claimant completed his education through the twelfth grade in special education classes. Claimant has worked in the past as a ranch manager. Claimant alleges an

inability to work beginning September 7, 2005 due to limitations resulting from ulcerative colitis, hypertension, anemia, shingles, illiteracy.

**Procedural History**

On March 10, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 23, 2009, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On June 29, 2009, the ALJ issued an unfavorable decision on Claimant's application. On June 22, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) ignoring probative medical evidence which contradicts the RFC findings; (2)

reaching an erroneous RFC; and (3) alternatively, applying the Grids despite the presence of non-exertional impairments.

### Consideration of Medical Evidence

Claimant contends that the ALJ inadequately discussed the medical evidence, selectively focusing upon the evidence which supported his findings. In his decision, the ALJ found Claimant suffered from the severe impairment of ulcerative colitis and obesity. (Tr. 11). He concluded Claimant retained the RFC to perform light work. (Tr. 12). He also applied the Medical-Vocational Guidelines ("Grids") in finding Claimant was not disabled. (Tr. 15).

Claimant asserts the ALJ discussed the evidence which supported his findings such as the August 13, 2007 examination where Claimant only claimed he suffered from occasional diarrhea, the CT scan was unremarkable, and a colonoscopy from September of 2008 revealed small polyps and healed inflammation. (Tr. 13-14). At the same time, Claimant states the ALJ ignored Claimant's severe and frequent problems with diarrhea and abdominal pain. On February 1, 2005, Claimant underwent a colonoscopy which showed his distal rectum was inflamed and friable. Claimant also had inflammation in the descending colon. He suffered from persistent diarrhea throughout his four days of hospitalization. (Tr. 374).

5

Claimant also references repeated treatment for diarrhea and abdominal cramping stemming from his ulcerative colitis, including bloody and frequent stool and tender nodules. (Tr. 212-13, 218-20, 231, 338, 341-42, 348, 369, 407-09, 412, 414, 415-17, 420-21, 429, 430-31, 436, 438-41, 443, 459, 475-76, 479, 489, 492, 519-20, 537-39, 544-46, 948, 995, 1010-12, 1080-82). Without doubt, the ALJ was brief with his recitation of the extensive medical record in this case. Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). At the same time, within reason, the Court will take an ALJ at his word when he states that he considered all of the relevant, probative evidence in reaching his decision. Wall v. Astrue, 561 F.3d 1048, 1070 (10th Cir. 2009). In reviewing the ALJ's decision in light of the totality of the record, this Court cannot conclude the ALJ inadequately considered the medical record.

### RFC Determination

Claimant next asserts that the ALJ failed to include all of his impairments in the RFC determination. As stated the medical record is replete with evidence suggesting that Claimant's diarrhea is frequent and unpredictable - sometimes requiring that he go to the bathroom as often as twenty times per day. (Tr. 218, 489, 492, 544, 956). A claimant's RFC is based upon the "individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis." Soc. Sec. R. 96-8p. The ALJ did not include any limitations upon Claimant's ability to work that he be near a bathroom and take frequent, unscheduled breaks due to frequent and unpredictable diarrhea. As documented herein, this limitation is well-supported by the medical record. As a result, the ALJ's RFC determination is not supported by substantial evidence. On remand, the ALJ shall insure that this restriction is included in the RFC.

### Application of the Grids

Claimant contends the ALJ should not have applied the Grids in this case because of the presence of non-exertional impairments. In order to help evaluate the step five requirement, whether or not

7

there are sufficient jobs in the economy that the claimant can perform given his or her age, education, and work experience, the Social Security Administration has created Medical-Vocational Guidelines, also known as "the grids." See 20 C.F.R. § 404.1567; 20 C.F.R. Pt. 404, Subpt. P, App. 2; Trimiar v. Sullivan, 966 F.2d 1326, 1332 (10th Cir. 1992). Five degrees of residual functional capacity are outlined in the grids by general exertional level-sedentary, light, medium, heavy, and very heavy exertion. 20 C.F.R. § 404.1569a; Trimiar, 966 F.2d at 1332 n. 22. Residual functional capacity reflects "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c). If the ALJ finds that a claimant's exertional capacity, education, age, and skills fit precisely within the criteria of a particular grid level, the ALJ may conclude the claimant is not disabled. Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The Grids, however, may not be used where a claimant has nonexertional impairments which further limit the range of jobs he can do but, rather, the Grids may only be used as a guideline in evaluating the case. Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988).

Non-exertional limitations affect a claimant's ability to meet

the demands of jobs that do not involve strength. 20 C.F.R. § 404.1569a(a). Examples cited include "(1) difficulty functioning because you are nervous, anxious, or depressed; (2) difficulty with maintaining attention or concentration; (3) difficulty understanding or remembering detailed instructions; (4) difficulty seeing or hearing; (5) difficulty tolerating some physical feature(s) of certain work settings, e.g., you cannot tolerate dust or fumes; (6) difficulty with manipulative or postural functions such as reaching, handling, stooping, climbing, or crawling." 20 C.F.R. § 404.1569a(c).

Clearly, Claimant's frequent and unpredictable diarrhea requiring that he be near a bathroom constitutes a non-exertional impairment since it affects his ability to tolerate some physical features of certain work settings. On remand, the ALJ shall include the presence of this non-exertional impairment in his RFC findings and perform an assessment regarding the impact of this impairment at step five.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE